## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ELLIS LEROY CRABTREE, as | ) | |
| Independent Administrator of the Estate | ) | |
| of AVIS SWITZER, deceased, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | Case No. |
| | ) | |
| DG RETAIL, LLC, d/b/a | ) | |
| DOLLAR GENERAL | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, ELLIS LEROY CRABTREE, as Independent Administrator of the Estate of AVIS SWITZER, deceased, by and through his attorneys of record, WILLIAMSON, WEBSTER, FALB & GLISSON, and for his Complaint against Defendant DG RETAIL, LLC, d/b/a DOLLAR GENERAL, states as follows:

## COUNT I- SURVIVAL ACT - NEGLIGENCE

1.    At all times material hereto, Plaintiff Ellis Leroy Crabtree is the previously appointed Independent Administrator of the Estate of Avis Switzer, deceased, in Madison County, Illinois; that Plaintiff and Plaintiff's decedent resided in Madison County, Illinois at the time of her death.

2.    At all times material hereto, Defendant DG Retail, LLC., d/b/a Dollar General, was a corporation doing business as a retail/grocery store located at 311 Riggin Road, in the City of Troy, County of Madison, and State of Illinois.

3.    On August 23, 2014, Plaintiff's decedent was a business invitee of Defendant,

lawfully on and invited to enter and remain on said premises for a purpose connected to business dealings with the Defendant.

4.     Prior to and on said date, Defendant, by and through its agents, servants, and/or employees, owned, operated, managed, maintained, controlled and/or possessed, or had a duty to own, operate, manage, maintain, control and/or possess, the aforementioned premises located at 311 Riggin Road, in the City of Troy, County of Madison, and State of Illinois.

5.  At all times stated herein, said Defendant designed, installed, and maintained the check out area, where customers were directed to push their shopping carts and pay.

6.  That said check out area was designed, built, and maintained by Defendant was dangerous to customers in that customers were required to pay, pull their carts backwards, and then exit through the other aisles where customers would be waiting in line.

7.  The condition of the check out area was created by Defendant and presented an unreasonable risk of harm to people lawfully on said property, including Plaintiff's decedent.

8.  At all times stated herein, Defendant purchased and maintained shopping carts at its business that is provided to its customers for use while shopping.

9.  At all times stated herein, that the shopping cart provided for use by Plaintiff's decedent had one or more wheels which would stutter, lock up, or was otherwise not fit for use by customers.

10.  At all times mentioned herein, Defendant knew or should have known upon reasonable inspection, that the wheels of the shopping care would stutter, lock up or were

otherwise not fit for use by customers.

11.    At all times mentioned herein, Defendant DG Retail, LLC., d/b/a Dollar General, by and through its agents, servants, knew or in the exercise of ordinary care should have known of said conditions of the check out area and of the shopping cart as stated herein.

12.    At all times mentioned herein, Defendants DG Retail, LLC., d/b/a Dollar General, by and through its agents, servants, could reasonably expect that people lawfully on said property, including Plaintiff's decedent, would not discover or realize said conditions.

13.    Prior to and at all times stated herein, Defendant DG Retail, LLC., d/b/a Dollar General, as the aforementioned premises owner and/or possessor, by and through its agents, servants, and/or employees, owed to all business invitees lawfully on said premises, including Plaintiff's decedent, a duty of reasonable care under the circumstances regarding the state of said premises or acts done or omitted on them, and regarding the conditions stated herein.

14.    Said duty includes the duty to use reasonable care to inspect said premises, discover unreasonably dangerous conditions, and protect business invitees, including Plaintiff's decedent, from said conditions.

15.    Notwithstanding said duty, on or prior to August 23, 2014, Defendant DG Retail, LLC, d/b/a Dollar General, by and through its agents, servants, and/or employees, committed one or more of the following careless and negligent act(s) and/or omission(s), thereby breaching said duty:

(a)    Failed to inspect and/or make a reasonable inspection of the check out lanes,

aisles, and/or walkways;

(b)    Failed to inspect and/or make a reasonable inspection of its shopping carts;

(c)    Failed to repair or change the conditions of its check out lanes, aisles, and/or walkways;

(d)    Failed to timely repair the shopping cart at issue;

(e)    Failed to have or implement reasonable inspection policies for its check out lanes, aisles, and/or walkways;

(f)    Failed to have or implement reasonable inspections policies of its shopping carts;

(g)    Failed to take the shopping cart at issue out of service;

16.    As a direct and proximate result of one or more of the foregoing negligent act(s) and/or omission(s) of Defendant DG Retail, LLC, d/b/a Dollar General, by and through its agents, servants, and/or employees, on August 23, 2014, Plaintiff's decedent fell as she was attempting to leave the check out aisle.

17.    As a direct and proximate result of one or more of the foregoing careless and negligent act(s) and/or omission(s) of Defendants, both individually and/or acting by and through its agents, servants, and/or employees, on August 23, 2014, Plaintiff's decedent sustained a hip fracture, namely a right intertrochanteric femur fracture, requiring surgery; she incurred medical bills in excess of $100,000; she suffered great pain and anguish, both of body and mind, until she died on January 7, 2015 as a proximate cause of the injuries sustained herein.

18.    That plaintiff's damages prior to her death subject Defendant to liability pursuant to

755 ILCS 5/27-6, commonly referred to as the Survival Act.

WHEREFORE, Plaintiff prays for judgment from this Court against Defendant in an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with his costs of this action, for all losses available under the terms of the Survival Act.

### COUNT II- WRONGFUL DEATH - NEGLIGENCE

1-17.   Plaintiff incorporates paragraphs 1-17 of Count I into this Count as paragraphs 1-17 of this count.

18.  As a result of her death, the next of kin have suffered losses including loss of companionship and society of the decedent, subjecting Defendant to liability under the Wrongful Death Act, 740 ILCS 180/1.

WHEREFORE, Plaintiff prays for judgment from this Court against Defendant in an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with his costs of this action, for all losses available under the terms of the Wrongful Death Act.

### COUNT III- FAMILY EXPENSE - NEGLIGENCE

1-17.   Plaintiff incorporates paragraphs 1-17 of Count I into this Count as paragraphs 1-17 of this count.

18.  As a result of her death, the next of kin have suffered losses including medical, funeral and burial expenses, subjecting Defendant to liability under the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiff prays for judgment from this Court against Defendant in an

equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with his costs of this action, for all losses available under the terms of the Family ExpenseAct.

## COUNT IV- SURVIVAL ACT - PREMISES LIABILITY

1.    At all times material hereto, Plaintiff Ellis Leroy Crabtree is the previously appointed Independent Administrator of the Estate of Avis Switzer, deceased, in Madison County, Illinois; that Plaintiff and Plaintiff's decedent resided in Madison County, Illinois at the time of her death.

2.    At all times material hereto, Defendant DG Retail, LLC., d/b/a Dollar General, was a corporation doing business as a retail/grocery store located at 311 Riggin Road, in the City of Troy, County of Madison, and State of Illinois.

3.    On August 23, 2014, Plaintiff's decedent was a business invitee of Defendant, lawfully on and invited to enter and remain on said premises for a purpose connected to business dealings with the Defendant.

4.    Prior to and on said date, Defendant, by and through its agents, servants, and/or employees, owned, operated, managed, maintained, controlled and/or possessed, or had a duty to own, operate, manage, maintain, control and/or possess, the aforementioned premises located at 311 Riggin Road, in the City of Troy, County of Madison, and State of Illinois.

5.    At all times stated herein, said Defendant designed, installed, and maintained the check out area, where customers were directed to push their shopping carts and pay.

6.    That said check out area was designed, built, and maintained by Defendant was dangerous to customers in that customers were required to pay, pull their carts backwards, and

then exit through the other aisles where customers would be waiting in line.

7.  The condition of the check out area was created by Defendant and presented an unreasonable risk of harm to people lawfully on said property, including Plaintiff's decedent.

8.  At all times stated herein, Defendant purchased and maintained shopping carts at its business that is provided to its customers for use while shopping.

9.  At all times stated herein, that the shopping cart provided for use by Plaintiff's decedent had one or more wheels which would stutter, lock up, or was otherwise not fit for use by customers.

10.  At all times mentioned herein, Defendant knew or should have known upon reasonable inspection, that the wheels of the shopping care would stutter, lock up or were otherwise not fit for use by customers.

11.   At all times mentioned herein, Defendant DG Retail, LLC., d/b/a Dollar General, by and through its agents, servants, knew or in the exercise of ordinary care should have known of said conditions of the check out area and of the shopping cart as stated herein.

12.  At all times mentioned herein, Defendants DG Retail, LLC., d/b/a Dollar General, by and through its agents, servants, could reasonably expect that people lawfully on said property, including Plaintiff's decedent, would not discover or realize said conditions.

13. On or prior to August 23, 2014, Defendant DG Retail, LLC, d/b/a Dollar General, by and through its agents, servants, and/or employees, committed one or more of the following careless act(s) and/or omission(s):

(a)     Failed to inspect and/or make a reasonable inspection of the check out lanes, aisles, and/or walkways;

(b)     Failed to inspect and/or make a reasonable inspection of its shopping carts;

(c)     Failed to repair or change the conditions of its check out lanes, aisles, and/or walkways;

(d)     Failed to timely repair the shopping cart at issue;

(e)     Failed to have or implement reasonable inspection policies for its check out lanes, aisles, and/or walkways;

(f)     Failed to have or implement reasonable inspections policies of its shopping carts;

(g)     Failed to take the shopping cart at issue out of service;

14.     As a direct and proximate result of one or more of the foregoing act(s) and/or omission(s) of Defendant DG Retail, LLC, d/b/a Dollar General, by and through its agents, servants, and/or employees, on August 23, 2014, Plaintiff's decedent fell as she was attempting to leave the check out aisle.

15.     As a direct and proximate result of one or more of the foregoing act(s) and/or omission(s) of Defendants, both individually and/or acting by and through its agents, servants, and/or employees, on August 23, 2014, Plaintiff's decedent sustained a hip fracture, namely a right intertrochanteric femur fracture, requiring surgery; she incurred medical bills in excess of $100,000; she suffered great pain and anguish, both of body and mind, until she died on January 7, 2015 as a proximate cause of the injuries sustained herein.

16. That plaintiff's damages prior to her death subject Defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

WHEREFORE, Plaintiff prays for judgment from this Court against Defendant in an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with his costs of this action, for all losses available under the terms of the Survival Act.

## COUNT V- WRONGFUL DEATH - NEGLIGENCE

1-15.   Plaintiff incorporates paragraphs 1-15 of Count I into this Count as paragraphs 1-15 of this count.

16. As a result of her death, the next of kin have suffered losses including loss of companionship and society of the decedent, subjecting Defendant to liability under the Wrongful Death Act, 740 ILCS 180/1.

WHEREFORE, Plaintiff prays for judgment from this Court against Defendant in an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with his costs of this action, for all losses available under the terms of the Wrongful Death Act.

## COUNT VI- FAMILY EXPENSE - NEGLIGENCE

1-15.   Plaintiff incorporates paragraphs 1-15 of Count I into this Count as paragraphs 1-15 of this count.

16. As a result of her death, the next of kin have suffered losses including medical, funeral and burial expenses, subjecting Defendant to liability under the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, Plaintiff prays for judgment from this Court against Defendant in an equitable sum in excess of Fifty Thousand Dollars ($50,000.00) together with his costs of this action, for all losses available under the terms of the Family Expense Act.

/s/ Michael P. Glisson
MICHAEL P. GLISSON, #6237172
Williamson, Webster, Falb & Glisson
603 Henry Street
Alton, Illinois 62002
(618) 462-1077
(618) 462-1080 Fax

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ELLIS LEROY CRABTREE, as | ) | |
| Independent Administrator of the Estate | ) | |
| of AVIS SWITZER, deceased, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | Case No. |
| | ) | |
| DG RETAIL, LLC, d/b/a | ) | |
| DOLLAR GENERAL | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT REGARDING DAMAGES SOUGHT

I, MICHAEL P. GLISSON, attorney for Plaintiff, hereby states under oath the following:

1. That the total of money damages sought in this case is in excess of Fifty Thousand Dollars ($50,000.00).

2. That this Affidavit is pursuant to Supreme Court Rule 222(b).

/s/ Michael P. Glisson
MICHAEL P. GLISSON, #6237172
Williamson, Webster, Falb & Glisson
603 Henry Street
Alton, Illinois 62002
(618) 462-1077
(618) 462-1080 Fax

*Attorneys for Plaintiff*