IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELLIS LEROY CRABTREE, as Independent Administrator of the Estate of AVIS SWITZER, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-CV-00933-NJR-SCW ) |
| DG RETAIL, LLC, d/b/a DOLLAR GENERAL, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). In general, a complaint must contain a "short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." FED. R. CIV. P. 8(a)(1).

Plaintiff's Complaint is devoid of any reference establishing this Court's federal subject matter jurisdiction. Although the civil cover sheet checks the diversity jurisdiction box and indicates Plaintiff is a citizen of this state and Defendant is a citizen of another state, the operative Complaint is devoid of any reference to citizenship of the parties. While the Complaint indicates Plaintiff and Plaintiff's decedent resided in

Madison County, Illinois, at the time of decedent's death, "residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The citizenship of a natural person for diversity purposes is determined, of course, by the person's domicile, *see Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir. 1994), which means the state where the person is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *see also Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006).

Furthermore, the law of this Circuit plainly provides that if a party is an LLC, its citizenship depends on the citizenship of each of its members. *See, e.g., Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012) ("a limited liability company's citizenship includes every state of which any unit holder is a citizen"). The Complaint does not disclose the list of each member of the Defendant LLC and each member's citizenship.

Finally, the amount in controversy must exceed "$75,000, exclusive of interest and costs" for the Court to have diversity jurisdiction over the case. 28 U.S.C. § 1332. Plaintiff's Complaint seeks judgment against Defendant "in an equitable sum in excess of Fifty Thousand Dollars ($50,000)," together with his costs. Thus, the Complaint does not fairly and clearly demonstrate that the amount-in-controversy requirement of § 1332 has been met. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."); *see*

*also Morales v. Menard, Inc.*, No. 12-CV-9082, 2014 WL 1364996, at *1 (N.D. Ill. Apr. 7, 2014) ("The party seeking federal jurisdiction bears the burden to prove that the amount-in-controversy requirement of § 1332 has been met and that this Court has jurisdiction").

Accordingly, Plaintiff is **ORDERED** to file an Amended Complaint no later than **September 22, 2016,** which clearly sets forth all of the information needed to determine whether jurisdiction lies in this Court. If Plaintiff fails to file an Amended Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. Inc. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996).

**IT IS SO ORDERED.**

DATED: August 23, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**