IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELLIS LEROY CRABTREE, as Independent Administrator of the Estate of AVIS SWITZER, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>DG RETAIL, LLC, d/b/a DOLLAR GENERAL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:16-CV-00933-NJR-SCW<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ellis Leroy Crabtree initiated this action on August 19, 2016, as the Independent Administrator of the Estate of Avis Switzer ("the decedent") by filing a six-count complaint against DG Retail, LLC, d/b/a Dollar General ("Dollar General") (Doc. 1). After Crabtree twice amended the complaint to resolve jurisdictional issues, Dollar General filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Doc. 15).

### BACKGROUND

On August 23, 2014, the decedent fell while inside the Dollar General store in Troy, Illinois (Doc. 10). According to Plaintiff, the design of the check-out area of the store required customers to pay, then pull their cart backwards and exit through the other aisles where customers were waiting in line. Plaintiff also alleges that the shopping

cart used by the decedent had one or more wheels that would stutter or lock up, or otherwise was not fit for use by customers. Plaintiff claims Dollar General failed to inspect and repair its check-out lanes and shopping carts, failed to have reasonable inspection policies for its check-out lanes and shopping carts, and failed to take the shopping cart used by the decedent out of service. As a result of Dollar General's acts and/or omissions, Plaintiff alleges, the decedent fell as she was attempting to leave the check-out aisle. The fall caused the decedent to sustain a hip fracture, which required surgery and caused the decedent to incur medical bills in excess of $100,000. Plaintiff alleges that on January 7, 2015, the decedent died as a result of the injuries she sustained in the incident.

Plaintiff's Second Amended Complaint (Doc. 10) contains six counts: Count I—Negligence under the Illinois Survival Act, 755 ILCS 5/27-6; Count II—Negligence under the Illinois Wrongful Death Act, 740 ILCS 180/1; Count III—Negligence under the Illinois Family Expense Act, 750 ILCS 65/15; Count IV—Premises liability under the Illinois Survival Act, 755 ILCS 5/27-6; Count V—Premises liability under the Illinois Wrongful Death Act, 740 ILCS 180/1[1]; and Count VI—Negligence under the Illinois Family Expense Act, 750 ILCS 65/15.

In its motion to dismiss and/or motion for more definite statement, Dollar General asserts that Plaintiff has failed to allege how its actions and/or omissions specifically caused the decedent to fall and sustain injuries. Dollar General argues that while Plaintiff alleges various theories about the condition of the check-out aisle and the

---

[1] Count V is labeled "Wrongful Death—Negligence," but it incorporates the paragraphs from Count IV, which alleges premises liability. Plaintiff has indicated that this Count was intended to state a cause of action for wrongful death under Illinois' Premises Liability Act.

condition of the cart used by the decedent, Plaintiff fails to factually connect the theories to the decedent's fall. Dollar General accordingly seeks dismissal of the Second Amended Complaint for failure to state a claim upon which relief can be granted. Alternatively, Dollar General asks the Court to require Plaintiff to provide a more definite statement of what caused the decedent to fall as she was attempting to leave the checkout aisle.

Dollar General further seeks dismissal of Counts III and VI, Plaintiff's claims under the Illinois Family Expense Act. Under these counts, Plaintiff alleges that the decedent's "next of kin" have suffered losses, including medical, funeral, and burial expenses. To recover under the Family Expense Act, however, a plaintiff must prove that he or she is the *spouse* of the person injured. Because neither Plaintiff nor the decedent's "next of kin" are the decedent's spouse, Plaintiff lacks standing to bring an action under the Family Expense Act. Plaintiff concedes this point and has agreed to voluntarily dismiss Counts III and VI as currently alleged. Plaintiff seeks leave to amend the complaint to add common law claims for these expenses (Doc. 19, p. 12).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d

750, 753 (7th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include a short and plain statement of the claim, showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Accordingly, the Court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). These requirements ensure that "the defendant [receives] fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (2007)).

Motions for more definite statement are governed by Rule 12(e) of the Federal Rules of Civil Procedure, which provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before

interposing his responsive pleading." FED. R. CIV. P. 12(e). Motions for a more definite statement "are generally disfavored, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 559–60 (N.D. Ill. 1994). "Rule 12(e) motions are not to be used as substitutions for discovery." *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1376 at 737–41 (1969).

## ANALYSIS

From the allegations in the operative complaint, Dollar General is aware of the "who, what, when, where, and why" of this lawsuit. Plaintiff alleges that the decedent, Avis Switzer, fell and broke her hip (eventually dying as a result of her injuries) on August 23, 2014, inside the Dollar General store in Troy, Illinois. Plaintiff further claims that the decedent's injuries were caused by Dollar General's breach of its duty to inspect and repair its carts and check-out lanes, which required customers to back their carts out of the aisle in order to exit the store. At the crux of Dollar General's motion is a desire for the answer to one more question: how? More precisely, how did Dollar General's acts and/or omissions cause the decedent to fall?

The details Dollar General seeks can be uncovered through discovery. The Federal Rules of Civil Procedure require only that a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a). While the complaint's allegations must be enough to raise a right to relief above the speculative level, detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. Here, the facts alleged by Plaintiff are sufficient to put Dollar General on notice of

Plaintiff's claims and the grounds for those claims. No more is required of Plaintiff at the pleading stage. Accordingly, the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is denied.

Moreover, this is not a situation where the complaint is so vague, ambiguous, or unintelligible that Dollar General cannot reasonably frame its responsive pleading. *See Moore*, 869 F. Supp. at 559; *see also George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2007 WL 853998, at *2 (S.D.Ill. Mar. 16, 2007) (noting that motions for more definite statement are not intended as a substitute for obtaining factual details through the normal discovery process). Therefore, Dollar General's alternative motion for more definite statement is also denied.

## CONCLUSION

For these reasons, Defendant Dollar General's Motion to Dismiss and/or Motion for More Definite Statement (Doc. 15) is **DENIED**. Plaintiff is **GRANTED** leave to file a third amended complaint on or before **February 10, 2017**.

**IT IS SO ORDERED.**

DATED:   January 20, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**